## UNITED PARCEL SERVICE, INC. *v.* PRIDGEN SECURITY, INC.

86-237                                                      727 S.W.2d 381

Supreme Court of Arkansas
Opinion delivered April 20, 1987

*Wright, Lindsey, Jennings,* for appellant.

*Harkey, Walmsley, Belew & Blankenship,* by: *Leroy Blankenship,* for appellee.

DARRELL HICKMAN, Justice. This appeal is dismissed because the order appealed from is not an appealable order according to ARCP Rule 54(b). *Arkhola Sand & Gravel Co.* v. *Hutchinson,* 291 Ark. 570, 726 S.W.2d 674 (1987).

Wanda Beard, an employee of Pridgen Security, Inc., sued United Parcel Service for negligence as a result of injuries she suffered while working at UPS as a security guard. UPS filed a third party complaint against Pridgen asking for indemnification, because of an agreement between Pridgen and UPS. The agreement required Pridgen to indemnify UPS from any claim made

by a Pridgen employee except where UPS was solely negligent. Pridgen moved for summary judgment alleging any liability incurred by UPS would be due to its sole negligence. The trial court granted Pridgen's motion and dismissed Pridgen from the suit. UPS filed this appeal from that order. Later UPS "settled and compromised" with Beard, and an order was entered dismissing Beard's complaint with prejudice.

■ Rule 54(b) requires the order to state that it is a final judgment and there is no just reason for delay. See *Arkhola Sand & Gravel Co.* v. *Hutchinson, supra.* The order granting summary judgment did not meet these requirements.

Appeal dismissed.

HOLT, C.J., not participating.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I respectfully disagree with the majority. The only reason an order of dismissal as to one of several defendants is not ordinarily appealable under ARCP Rule 54(b) is because other defendants remain and the litigation is not disposed of and piecemeal appeals would result. *Tulio* v. *Arkansas Blue Cross & Blue Shield*, 283 Ark. 278, 675 S.W.2d 369 (1984).

Pridgen Security, Inc. has been dismissed from the action under ARCP Rule 12(b)(6) and Wanda Sue Beard has been dismissed by virtue of a settlement. Thus, if United Parcel Service, Inc., cannot appeal from the order of dismissal as to Pridgen Security this litigation has ended.

I suppose it can be reasoned that since the dismissal of Pridgen Security was without prejudice, *Ratcliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984), United Parcel Service can bring a new action under the indemnity agreement against Pridgen Security. However, United Parcel's third-party complaint against Pridgen was allowed in this case under ARCP Rule 14(a), one of the purposes of which is to avoid a multiplicity of suits by settling all controversies in one proceeding. *Aclin Ford Co.* v. *Fiat Motors*, 275 Ark. 445, 631 S.W.2d 283 (1982). In the context of this case the dismissal of the appeal seems to me to defeat the

purpose of both rules. I would consider the appeal on its merits.